UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| Gregoria Jackson | § | |
|    *Plaintiff,* | § | |
| vs. | § | |
| | § | |
| The City of La Joya, | § | CIVIL ACTION NO. _____ |
| Jose A. "Fito" Salinas in his official | § | **(JURY REQUESTED)** |
|  capacity as former mayor of La Joya; | § | |
| Annalisa Ruiz in her official capacity | § | |
| as former City Commissioner for the | § | |
| City of La Joya; and Mary Salinas in | § | |
|  her official capacity as former City | § | |
| Commissioner for the City of La Joya. | § | |
|    *Defendants* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

     **COMES NOW, GREGORIA JACKSON** Plaintiff in the above entitled and numbered cause and hereby files this Plaintiff's Original Complaint against the City of La Joya, Jose A. "Fito" Salinas, in his official capacity as former Mayor of the City of La Joya, Annalisa Ruiz in her official capacity as former City Commissioner for the City of La Joya; Mary Salinas in her official capacity as former City Commissioner for the City of La Joya, Defendants herein to redress the political retaliation Plaintiff has suffered under 42 U.S.C. § 1983 and 1988, and the First Amendment to the U.S. Constitution. In support thereof, Plaintiff Gregoria Jackson would show unto the Court the following:

1

I.

**PARTIES AND SERVICE**

1.1 Plaintiff Gregoria Jackson is a citizen of the United States and Texas and resides in Hidalgo County, Texas.

1.2 The Defendant City of La Joya is a governmental entity existing under the laws of the State of Texas service of citation for the City of La Joya shall be made on the Mayor as follows:

> Isidro Casanova
> City of La Joya Mayor
> 701 E. Expressway 83.
> La Joya, Texas 78560

1.3 Jose A. "Fito" Salinas is the former Mayor of the City of La Joya and is an individual who is a resident of Texas and who may be served with process at his home at the following address:

> 408 Denise Cir.
> La Joya, Texas 78560
> or wherever he may be found.

1.4 Annalisa Ruiz is a former Commissioner for the City of La Joya and is an individual who is a resident of Texas and who may be served with process wherever she may be found.

1.5 Mary Salinas is a former Commissioner for the City of La Joya and is an individual who is a resident of Texas and who may be served with process wherever she may be found.

II.
**JURISDICTION AND VENUE**

2.1 This Court has Jurisdiction of the subject matter of this lawsuit pursuant to U.S.C. § 1331 because Plaintiff has alleged a violation of a Federal statute, 42 U.S.C § 1983 and 1988. Venue is appropriate in this Court pursuant to 28 U.S.C § 1391 (b).

III.

**FACTUAL BACKGROUND**

3.1     On or about July 29th, 2019, Plaintiff Gregoria Jackson, the Finance Director for the City of La Joya was terminated by the City of La Joya and was informed of that decision by Jacqueline Bazan, the La Joya City Administrator. Ms. Jackson was fired due to political retaliation under the First Amendment to the United States Constitution because her brother, the former City Attorney Roberto Jackson, supported the former Police Chief Isidro Casanova instead of the then current Mayor Jose A. "Fito" Salinas. The City of La Joya acting by and through Mayor Jose A. "Fito" Salinas and the Defendant Commissioners abruptly fired Gregoria Jackson and had a policewoman escort her from the building.

3.2     Plaintiff Gregoria Jackson was originally hired as the Finance Director for the City of La Joya on or about April 8th, 2018. Plaintiff Gregoria Jackson had been a loyal employee for 6 years and had stellar job performance and did not have any demerits. Gregoria Jackson's personnel file did not contain any complaints. Plaintiff Gregoria Jackson was illegally fired because her brother, Roberto Jackson was a prominent supporter of the former Police Chief Isidro Casanova who was running against Mayor Salinas at that time. Gregoria Jackson lost her job due to illegal political retaliation. City employees cannot be hired or fired based on who they support or are perceived to support politically, and this termination is in violation of the First Amendment to the U.S. Constitution.

IV.

**SECTION 1983 AND 1985 CIVIL RIGHTS VIOLATIONS**

4.1     Plaintiff Gregoria Jackson alleges a cause of action for civil rights violations under 42 U.S.C. §1983.  At the time of trial, Plaintiff Gregoria Jackson will establish that (1) the conduct complained of was committed by a person or persons acting under the color of state law, and (2) the conduct deprived the plaintiff of a constitutional right.  The conduct of the Defendants

3

complained of, constituted discrimination and/or retaliation on the basis of Plaintiff's speech, right to association and/or her right to petition for redress or to file a grievance and is protected by the First Amendment.

4.2     In this case, Plaintiff Gregoria Jackson was denied procedural due process and the opportunity to be heard as well as a property interest claim when the Defendants conspired to have her fired without an opportunity to be addressed. This action is brought to vindicate the federally protected rights of Plaintiff Gregoria Jackson since her rights have been injured by the acts of the city's local officials. The Defendants acting under the color of state law thwarted Gregoria Jackson's rights to equal protection under the law. The former City Commissioners and the former mayor voted 3 to 2 to terminate Gregoria Jackson. As such, the City's actions were arbitrary, capricious and without any reference to any guiding authority. Therefore, the vote of the council was and is null and void.

4.3     Conduct "under the color of state law" as applied to Defendants for purposes of 1983 involves misuse of power, "possessed by virtue of state law and made possible only because the wrongdoers are clothed with the authority of state law. A governmental entity such as the City of La Joya can be held responsible for a private decision when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the state. The firing of Gregoria Jackson and the voting scheme of the city council is a product of state action and is subject to constitutional restraints.

4.6     Plaintiff Gregoria Jackson also had a protected due process property interest in her continued employment and was never given any meaningful due process before or after her termination. In taking their unlawful actions, the Defendants, acting under color of statute, regulation, custom, and/or usage of the laws of the State of Texas, within the meaning of 42 U.S.C. § 1983 and 1985, violated the Plaintiff's rights guaranteed under the Constitution.

4.7	The named defendants, in collusion and conspiracy with the City of La Joya denied the Plaintiff due process for her protected liberty and property interests.  The Plaintiff was never provided a meaningful forum to clear her name nor an opportunity to cross examine her accusers. In this 1983 action, Gregoria Jackson has done more than plead a mere injury to her reputation, she has plead and will prove an injury to her reputation coupled with an injury to liberty and/or property interests.

4.8	Plaintiff alleges that the officials who participated in the wrongful acts were lawmakers or policy makers with the City of La Joya whose actions may fairly be said to be the actions of the City.  The Named Defendants, using their respective indicia of authority and perceived political weight of their respective offices abused the public trust and acted in concert to deny Plaintiff of her protected liberty and property interests.

4.9	At the time of her termination, the law in the Fifth Circuit was clearly established that certain limitations exist on the ability of a government employer to discharge employees based upon the employee's exercise of their right to free expression. The First Amendment precludes a discharge based upon an employee's exercise of her right to free expression if two criteria are satisfied. First, the expression must relate to a matter of public concern. Second, the employee's interest in "commenting upon matters of public concern" must outweigh the public employer's interest "in promoting the efficiency of the public services it performs through its employees."

4.10	The Fifth Circuit has enumerated the elements of a First Amendment retaliation claim in the public employment context as follows: (1) the plaintiff suffered an adverse employment decision, (2) the plaintiff's speech involved a matter of public concern, (3) the plaintiff's interest in speaking outweighed the governmental defendant's interest in promoting efficiency, and (4) the protected speech motivated the defendant's conduct. In the context of employees of a Texas sheriff, non-policymaking, non-confidential government employees cannot be discharged or threatened with discharge from a job that he or she is satisfactorily performing

5

upon the sole ground of his or her political beliefs. Plaintiff would show that Gregoria Jackson's speech and right to political patronage was a matter of public concern and, as such, is protected speech. Defendant violated Plaintiff's clearly established constitutional rights by virtue of her termination.

4.11   All of the actions taken by the Defendants have been taken under color of state law and each is a "state actor" for purposes of imposing liability under 42 U.S.C. §1983. Furthermore, the actions taken by the Defendants has resulted in the denial of the constitutional rights of Plaintiff in that she has been deprived of life, liberty and/or property interests guaranteed by the Fourteenth Amendment to the United States Constitution.

4.12   In light of the foregoing factual allegations, Plaintiff Gregoria Jackson has presented sufficient facts that the defendants named herein, acting under the color of state law, deprived her of a specific right or interest secured by the Constitution or the laws of the United States.

## V.

### FIRST CLAIM FOR RELIEF:

### FIRST AMENDMENT RETALIATION 42 U.S.C. § 1983

5.1   As demonstrated by the facts herein, Plaintiff Gregoria Jackson's speech motivated the imposition of adverse employment actions by Defendant City of La Joya, Texas, and the named defendants.

5.2 Thus, while acting under color of state law, Defendant City of La Joya, Texas, and the Named Defendants in their official capacity deprived Plaintiff Gregoria Jackson of her right to free speech — as guaranteed by the First Amendment and the 14th Amendment — in violation of 42 U.S.C. § 1983.

5.3 In consideration of the law clearly established at the time the deprivations occurred, these deprivations and violations were objectively unreasonable. Therefore, Defendants may be held liable under Section 1983 in and these defendants are not entitled to qualified immunity from liability in this civil action.

5.4 Furthermore, Defendants acted with malice or willfulness or with deliberate, reckless, and callous indifference to Plaintiff Gregoria Jackson's federally protected rights.

5.5 Defendant City of La Joya, Texas and Defendants in their official capacities are liable under Section 1983 because these defendants officially adopted and promulgated the decision to inflict the adverse employment action.

5.6 Defendant City of La Joya, Texas and Defendants in their official capacities are also liable under Section 1983 because this decision was made by the City Council and the Defendant City of La Joya, Texas who had delegated policy-making authority.

5.7  As a result of such deprivation of First Amendment rights, Plaintiff Gregoria Jackson has suffered damages and seeks to recover actual damages, including mental anguish, lost wages, court costs, and attorneys' fees against Defendant City of La Joya, Texas and the named Defendants in their official capacities.

5.8  As a result of the conduct described above, Plaintiff Gregoria Jackson also seeks to recover punitive damages against the Defendants.

VI.
**<u>CIVIL CONSPIRACY</u>**

6.1  The Named Defendants and the City of La Joya, in order to promote its own personal interests and private agenda, agreed to circumvent the requirements of Texas law for public officials concerning open meetings ("Texas Open Meetings Act" or "TOMA") and the discussion of matters which concern municipal business.  The Defendants violated State law in order to further violate the Plaintiff's own property rights and interests.  As such, Defendants are liable to the Plaintiff for all damages available at law.

VII.

**CONDITIONS PRECEDENT**

7.1     All conditions precedent have occurred or are occurring.

VIII.

**ACTUAL DAMAGES**

8.1     As a result of the incidents described above, that are made part of the basis of this suit and incorporated herein, Plaintiff has incurred damages in the following respects:

IX

**Injury to Reputation and Character**

9.2     As a result of the dissemination of false information and the attendant publicity caused by the Defendants, Plaintiff is and will in the future be seriously injured and her good name and reputation in the community has been besmirched and exposed to hatred, scorn, contempt, and ridicule by the general public as well as in the eyes of potential employers, friends and relatives. Plaintiff's position was one of high public trust and she has suffered damages in an amount which exceeds the minimum jurisdictional requirements of this Court.

X

**Lost Earnings and Diminished Earning Capacity**

10.1    At the time of the incident complained of, Plaintiff was gainfully employed as Finance Director with the City of La Joya. As a proximate result of the wrongful acts of the Defendants, Plaintiff was unable to attend to her occupation and thereby has suffered and continues to suffer a loss of wages in the past, fringe benefits and other valuable job rights for which she hereby sues.  Plaintiff Gregoria Jackson sues for any lost earnings in the form of back pay, lost wages, front pay, retirement benefits, health coverage, TMRS retirement benefits, fringe benefits, lost future earnings and/or diminished earning capacity to the extent permitted by law, due to the acts complained of above.

As a result of the wrongful acts of the Defendants, Plaintiff's capacity to earn a livelihood has been severely impaired, and in all reasonable probability this incapacity will continue long into the future, if not for the balance of Plaintiff's natural life, all to her damage for which she hereby sues.

## XI
## Past and Future Mental Anguish

11.1    As a result of the injuries sustained by the Plaintiff and inflicted by the Defendants, Plaintiff has suffered severe emotional distress, humiliation, embarrassment, anxiety, sleeplessness, worry, nervousness and other physical injuries, sickness and/or illness as well as mental pain and anguish and in all reasonable probability, Plaintiff will continue to suffer such mental and physical pain and anguish for a long time into the future, if not for the balance of his natural life.  Plaintiff has suffered damages in an amount which exceeds the minimum jurisdictional requirements of this Court.

## XII.
## EXEMPLARY DAMAGES

12.1    The conduct of the Defendants was carried out willfully, spitefully, maliciously, with ill will, and constitutes such an entire want of care as to be regarded as conscious indifference to the rights, well-being and welfare of this Plaintiff. Plaintiff is hereby entitled to recover exemplary damages to deter such cruel and undignified procedures by the Defendants in the future. Accordingly, Plaintiff requests that exemplary damages be awarded against the Defendants in an amount which exceeds the minimum jurisdictional requirements of this Court.

## XIII.
## ATTORNEYS' FEES, EXPERT FEES AND <u>LITIGATION EXPENSES</u>

13.1 By reason of the allegations in this petition and should the Plaintiff be designated the "prevailing party", Plaintiff is entitled to recover all reasonable attorney's fees and expert fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that the attorneys whose names are subscribed to this pleading and other pleadings have been employed to assist Plaintiff in the prosecution of this action. A reasonable attorney's fee is requested for the work expended in preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. Reasonable and necessary attorney's fees are sought pursuant to 42 U.S.C. Section 1988. Should experts be retained in the prosecution of this lawsuit, Plaintiff further seeks compensation for the work expended by such expert witnesses. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of associate counsel, paralegals, legal assistants and/or law clerks who assist in the prosecution of this case. As permitted by law, Plaintiff also seeks to recoup all litigation expenses expended by her and her legal team in the prosecution of this lawsuit as well as all costs of Court.

XIV.

## REQUEST FOR JURY TRIAL

14.1  Plaintiff hereby requests a trial by a jury of her peers.

**WHEREFORE**, Plaintiff GREGORIA JACKSON prays that this Honorable Court cite the Defendants to appear and after having appeared herein, that the Court conduct a jury trial in this cause and award judgment against the Defendants, the City of La Joya; Jose A. "Fito" Salinas in his official capacity as former Mayor for the City of La Joya; Annalisa Ruiz in her official capacity as former City Commissioner for the City of La Joya; Mary Salinas in her official capacity as former City Commissioner for the City of La Joya for Plaintiff's damages, actual and special, reinstatement to her position as Finance Director, all punitive damages, attorney's, expert and litigation fees and expenses, pre-judgment interest, as allowed by law, on said judgment at the legal rate from the date of judgment, post judgment interest, for costs of suit herein, and for such other and further relief, at law or in equity as this Court deems proper and just.

Signed July 29th, 2021.

Respectfully submitted,

THE LAW OFFICE OF
JOSE G. GONZALEZ
4129 N. 22nd St., Ste 3
McAllen, Texas 78504
Office: 956-731-4324
Facsimile: 956-731-4327
hernandezjrlawfirm@yahoo.com

By: */s/Carlos E. Hernandez, Jr.*
Carlos E. Hernandez, Jr., Of Counsel
State Bar No. 00787681
Federal Bar No. 17022
Attorney for Plaintiff
GREGORIA JACKSON