IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| **GREGORIA JACKSON,** | § | |
| **Plaintiff** | § | |
| | § | |
| Vs | § | C.A. NO. 7:21-CV-00289 |
| | § | |
| **THE CITY OF LA JOYA, JOSE A.** | § | |
| **"FITO" SALINAS IN HIS OFFICIAL** | § | |
| **CAPACITY AS FORMER MAYOR** | § | |
| **OF LA JOYA; ANNALISA RUIZ** | § | |
| **IN HER OFFICAL CAPACITY AS** | § | |
| **FORMER CITY COMMISSIONER** | § | |
| **FOR THE CITY OF LA JOYA; AND** | § | |
| **MARY SALINAS IN HER OFFICIAL** | § | |
| **CAPACITY AS FORMER CITY** | § | |
| **COMMISSIONER FOR THE CITY** | § | |
| **OF LA JOYA,** | § | |
| **Defendants** | § | |

**DEFENDANT CITY OF LA JOYA, JOSE SALINAS, MARY SALINAS
AND ANNALISA RUIZ IN THEIR OFFICIAL CAPACITIES'
RULE 12(b)(6) MOTION TO DISMISS**
==========================================================

MAY IT PLEASE THE COURT:

      COMES NOW DEFENDANTS, CITY OF LA JOYA, TEXAS, JOSE SALINAS, MARY SALINAS AND ANNALISA RUIZ IN THEIR OFFICIAL CAPACITIES' (hereafter "City Defendants") and file this Rule 12(b)(6) Motion to Dismiss and would show the Court as follows.

### I. PROCEDURAL/FACTUAL BACKGROUND ALLEGATIONS

1.     Plaintiff filed suit alleging First and Fourteenth Amendment violations with regard to her removal from her position as Finance Director by the City Commission on or about July 29, 2019. *Dkt. 1*.

### II. RULE 12(B)(6) MOTION TO DISMISS

**A.**     **Rule 12(b)(6) Standard**

2.     Plaintiff's Complaint does not properly state causes of action against the Defendants. Defendants hereby request that the Court dismiss Plaintiff's complaint and the causes of action

addressed below pursuant to FRCP 12(b)(6). Plaintiff's pleading makes conclusory implications regarding Defendants' actions and both the factual and alleged legal assertions regarding these claims are insufficient for purposes of pleading requirements, as more fully pointed out below.

3. A motion to dismiss for failure to state a claim upon which relief can be granted tests the formal sufficiency of the statement of claim for relief in plaintiff's complaint. *Doe Hillsboro ISD*, 81 F.3d 1395, 1401 (5th Cir.1996). A motion to dismiss under FRCP 12(b)(6) is not appropriate unless the plaintiff's pleadings on their face show, beyond doubt, that the plaintiff cannot prove any set of facts that would entitle him to relief. *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 34 (1st Cir.2002); *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir.2002). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993).

4. Rule 12(b)(6) allows dismissal if a Plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Pursuant to Rule 12, Plaintiff's claim survives only to the extent it passes the plausible-pleading test of *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

5. This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

**B.     First Amendment Claim**

6. Plaintiff asserts a vaguely pled First Amendment claim, asserting retaliation by the Defendants because "her brother" exercised his First Amendment to support certain candidates for Mayor and City Commissioner in La Joya. *Dkt. 1, ¶¶* 3.2. Plaintiff's claim is vague regarding it alleges First Amendment protected speech; or First Amendment protected activity/association. Dkt. 1. ¶¶ 5.1-5.8. As shown below though, this is irrelevant because whatever First Amendment activity she's actually complaining of, is that of her brother, not her.

7. To establish that she was subjected to retaliation in violation of her First Amendment rights, Plaintiff must show that (1) she "engaged in constitutionally protected activity"; (2) Defendants' actions caused her "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) Defendants' "adverse actions were substantially motivated against" her exercise of constitutionally protected speech. *Keenan v. Tejeda,* 290 F.3d 252, 258 (5th Cir.2002); *Brooks v. City of W. Point, Miss.*, 639 F. App'x 986, 999 (5th Cir. 2016). To succeed on her First Amendment retaliation claim, plaintiff must prove: (1) defendants acted under color of state law; (2) plaintiff engaged in constitutionally protected activity; and (3) the exercise of protected speech activity by plaintiff substantially motivated defendants' actions. *Rolf v. City of San Antonio,* 77 F.3d 823, 827 (5th Cir.1996).

8. Regardless of whether Plaintiff is bringing a First Amendment speech or association claim, she does not allege facts upon which a claim for relief can be granted. Plaintiff clearly alleges that others (her brother/family members) engaged in First Amendment protected activity, not her. *Dkt. 1, ¶ 3*. It is axiomatic that a claim for First Amendment retaliation requires the plaintiff to first demonstrate that *she* has engaged in a constitutionally protected activity, i.e. that *sh*e engaged in speech protected by the First Amendment. *Brooks*, 639 Fed.Appx.at 989 (5th Cir. 2016) (citing *Keenan*, 290 F.3d at 258). Emphasis Added. First Amendment protected speech claims require actual speech/statements by Plaintiff for it to assume First Amendment protection. *Carpenter v. Mississippi Valley State Univ*., 807 F. Supp. 2d 570, 598 (N.D. Miss. 2011) *Carpenter*, 807 F. Supp. 2d 570, 598; *Lunow v. City of Oklahoma City*, 61 F. App'x 598, 603 (10th Cir. 2003) *citing Koch v. City of Hutchinson,* 847 F.2d 1436, 1445 (10th Cir.1988) (en banc) (The Plaintiff did not engage in First Amendment protected conduct because he could not point to any particular statement that *he* made as a member of a committee.). Similarly, the First Amendment does not protect a "generalized right of social association." *City of Dallas v. Stanglin*, 490 U.S. 19, 25 (1989) (internal quotations omitted); See also *Fuller v. Brownsville Indep. Sch. Dist*., No. CV B: 13-109, 2016 WL 3960563, at *12 (S.D. Tex. May 18, 2016), *report and recommendation adopted,* No. CV B-13-109, 2016 WL 3932237 (S.D. Tex. July 21, 2016) (No First Amendment association claim lies where Plaintiff fails to identify a protected political activity that he engaged in but instead merely alleges an association with those not aligned with the alleged First Amendment retaliators.).

9. Plaintiff does not allege that she engaged in First Amendment activity at all, but that her brother/family member did. *Dkt. 1, ¶* 2. Plaintiff is trying to bootstrap her own First Amendment claim onto the First Amendment activity of others. Plaintiff fails to plead; and cannot show as a matter of law, that any "activity of her brother" is protected First Amendment conduct for purposes of her own First Amendment claim. This claim should be dismissed for failure to state a claim for which relief can be granted.

C.  **14th Amendment Claim**

10. Plaintiffs appear to bring both procedural and substantive 14th Amendment due process claims. Plaintiff does not plead any basis for such claims. Plaintiff fails to show that she had any cognizable liberty or property interest protected by the 14th Amendment.

11. First, as to the procedural due process claims, Plaintiff does not plead sufficiently to state a claim for which relief can be granted. A plaintiff asserting a due process claim in the public employment context must demonstrate that she has a clearly established property interest in her employment. *Schultea v. Wood,* 27 F.3d 1112, 1116 (5th Cir.1994), *reh'g en banc,* 47 F.3d 1427 (5th Cir.1995); *Moulton,* 991 F.2d at 229. "The Due Process Clause of the Fourteenth Amendment does not create a property interest in government employment." *Cabrol v. Town of Youngsville,* 106 F.3d 101, 105 (5th Cir.1997). A property interest may exist by operation of a contract, law, or policy established under state law. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Cabrol,* 106 F.3d at 105. The existence of a property interest must be determined by reference to state law. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Moulton,* 991 F.2d at 229. In Texas, "there exists a presumption that employment is at-will unless that relationship has been expressly altered," either by contract or by express rules limiting the conditions under which an employee may be terminated. *Muncy v. City of Dallas,* 335 F.3d 394, 398 (5th Cir.2003). Any agreement to modify the at-will relationship must be clear and specific. *Rodriguez v. Escalon*, 90 F. App'x 776, 778 (5th Cir. 2004); *Batterton v. Tex. Gen. Land Office,* 783 F.2d 1220, 1223 (5th Cir.1986); *Byars v. City of Austin,* 910 S.W.2d 520, 523 (Tex.App.-Austin 1995, writ denied). In the context of public employment, any ambiguity is resolved in favor of the state. *Batterton,* 783 F.2d at 1223; *Byars,* 910 S.W.2d at 523.

12. Though Plaintiff claims she had a vested property interest in her continued employment, she fails to provide facts that support her conclusions. Plaintiff fails to plead facts that she had a contract or that overcome her at-will employment status with the City.

13. Plaintiff further argues that the City Defendants deprived her of a liberty interest under the 14th Amendment. *Dkt.1, ¶ 5.* To state a claim for deprivation of a liberty interest, Plaintiff must show 1.) That she was discharged; 2.) That stigmatizing charges were made against her in connection with the discharge; 3.) That the charges were false; 4.) That she was not provided notice or an opportunity to be heard prior to her discharge; 5.) That she requested a hearing to clear her name; and 6.) That the employer refused her request for a hearing. *Hughes v. City of Garland*, 204, F.3d 223, 226 (5th Cir. 2000). Mere injury to reputation alone is insufficient to give rise to the required liberty interest. *Rothstein v. City of Dallas,* 876 F.2d. 392, 395 (5th Cir. 1989). Liberty interests are infringed "only when the employee is discharged in a manner that creates a false and defamatory impression or stigmatizes him and forecloses him from other employment opportunities. *Bledsoe v. City of Horn Lake*, 449 F.3d 650, 653 (5th Cir. 2006). Plaintiff has utterly failed to plead any facts that that would support her violation of liberty interest claim. Her allegations are conclusory, and she fails to sufficiently plead facts that satisfy the elements required to sustain a claim for a deprivation of any liberty interest.

14. As to the substantive due process claims, Plaintiff again fails to succinctly plead a claim for which relief can be granted. In addition to showing she a property interest in her employment, Plaintiff must also plead facts establishing that her termination was arbitrary and capricious. *See Moulton v. City of Beaumont* 991 F.2d. 227, 230 (5th. Cir. 1993). As described above, Plaintiff failed to adequately plead a property interest in her employment with the City. Thus, her substantive due process claim also fails.

15. For the reasons stated above, Plaintiff has failed to plead a cause of action for which relief can be granted for a Fourteenth Amendment due process claim and it should be dismissed.

**D.    Civil Conspiracy & TOMA Claims**

16. Plaintiff vaguely asserts a civil conspiracy claim regarding Texas Open Meetings Act ("TOMA") violations in her complaint. *Dkt. 1, ¶ 6.1*. She specifically alleges a §1985 conspiracy claim in her Complaint. *Dkt. 1, Section IV*. Regardless of whether Plaintiff is alleging a state or federal conspiracy claim, she fails to sufficiently state a claim for which relief can be granted.

17. In order to state a claim for a conspiracy under § 1985, a plaintiff must allege "(1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or

privilege of a citizen of the United States," and (5) that the conspiracy was motivated by some class-based animus. *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994); *Angel v. La Joya Indep. Sch. Dist.*, 717 F. App'x 372, 379 (5th Cir. 2017). Section 1985 does not create rights, it is merely a mechanism for enforcing federal rights defined elsewhere. *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 376 (1979).

18. With regards to a Section 1985 claim, Plaintiff first fails to identify what defined federal rights were allegedly violated; and fails to plead or allege the conspiracy was motivated by some class-based animus. *Dkt. 1*. Plaintiff instead argues that the City Defendants conspired to violate TOMA. *Dkt. 1,* ¶ 6.1. TOMA is not a federal right and cannot serve as the basis for a 1985 claim.

19. Further, it is well settled that a municipality and its employees cannot conspire in violation of §1985. *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998) (holding that defendant employees of the Houston Police Department could not conspire in violation of § 1985(3) because a corporate entity and its employees constitute a "single legal entity which is incapable with conspiring with itself." (quoting *Hillard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994) (holding that a school board and its employees constituted a single legal entity which could not conspire with itself for Section 1985 purposes). Plaintiff alleged that city officials, in their official capacity, conspired with the City of La Joya. The City Defendants are legally incapable of conspiring with itself.

20. With respect to any state law civil conspiracy claims, the City Defendants are immune from intentional torts under the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057; *Univ. of Tex. Med. Branch of Galveston v. Hohman,* 6 S.W.3d 767, 777 (Tex. App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.). *TCI West End, Inc., v. City of Dallas and Texas Historical Commission*, 274 S. W. 3d 913, 921 (Tex. App. –Dallas 2009, rehearing overruled) (the Commission and the City, as governmental units, cannot be held liable for the intentional tort of conspiracy).

21. As to any TOMA claim itself, TOMA requires every regular, special, or called meeting of a governmental body to be open to the public, with certain narrowly drawn exceptions. Tex. Gov't Code §§ 551.002, 551.071–.088. TOMA requires advance written notice of the date, hour, place, and subject of all meetings held by a governmental body be posted at least 72 hours before the meeting. Tex. Gov't Code §§ 551.041-043. Plaintiff very vaguely alludes to TOMA violations. *Dkt. 1, Section VI.* However, Plaintiff further fails to adequately plead a TOMA violation or how

the Act was allegedly violated. Plaintiff does not plead the elements of TOMA; Plaintiff does not plead what the Defendants allegedly did; when; and how that was in violation of TOMA. *Dkt. 1*. Plaintiff pleads absolutely no facts or basis for a TOMA claim to make the claims plausible or sufficiently to form the basis for which relief can be granted. As such, any conspiracy or TOMA violation claims should be dismissed for failure to state a claim for which relief can be granted.

**E.     Exemplary Damages**

22.     Plaintiff pleads for punitive and exemplary damages against the City Defendants. *Dkt.1, ¶¶* 5.8, 12.1. The United States Supreme Court has long held that a municipality is immune from punitive and exemplary damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981). The Fifth Circuit has faithfully applied the ruling in *City of Newport*. *See Skyy v. City of Arlington*, 712 Fed.Appx. 396, 401 (5th Cir. 2017) (Municipality immune from punitive damages, issue resolved on Rule 12(b)(6) motion); *Gil Ramirez Grp., LLC v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 412-13 (5th Cir. 2015); *Stern v. Hinds Cty. Miss.,* 436 Fed.Appx. 381, 382 (5th Cir. 2011). As such, the City Defendants are immune from exemplary and punitive damages and such claims must be dismissed as a matter of law.

**F.     Official Capacity Defendants/Claims**

23.     Plaintiff's Complaint names and sues one current and two former City Commission members in their official capacities. *Dkt.1, ¶* 1.1-1.5. Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell,* 436 U.S. 658, 690, n. 55. An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985).

23.     If the claims against an official in his official capacity seek identical relief as claims against a governmental entity, the official capacity claims should be dismissed as duplicative. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001). Consequently, all of the official capacity claims in this case are claims against the City and should be dismissed as duplicative of the claims against the City, as well as for the reasons identified above as to the City.

## CONCLUSION & PRAYER

Therefore, based on any one or more of the foregoing reasons, the City Defendants request and pray that the Court grant the Defendants' Rule 12(b)(6) Motion to Dismiss or any portion it deems appropriate. The City Defendants also pray for any relief to which they may show themselves justly entitled.

SIGNED this 28th day of September, 2021.

Respectfully submitted,

By: *Robert L. Drinkard*
ROBERT L. DRINKARD
Attorney In Charge
State Bar No. 24007138
So. Dist. ID No. 29288
rldrinkard@rampagelaw.com
**DENTON NAVARRO ROCHA**
**BERNAL & ZECH**
A Professional Corporation
701 E. Harrison Ste 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Facsimile)
**COUNSEL FOR DEFENDANTS**
**CITY OF LA JOYA, TEXAS, FITO SALINAS,**
**MARY SALINAS AND ANNALISA RUIZ IN**
**THEIR OFFICIAL CAPACITIES**

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
State Bar No. 14829100
Fed I.D. No. 5953
rjnavarro@rampagelaw.com
**DENTON, NAVARRO, ROCHA,**
**BERNAL & ZECH**
A Professional Corporation
701 E. Harrison, Ste 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)
**COUNSEL FOR DEFENDANTS**
**CITY OF LA JOYA, TEXAS, FITO SALINAS,**
**MARY SALINAS AND ANNALISA RUIZ IN**
**THEIR OFFICIAL CAPACITIES**

By: *Kacey M. Villafuerte*
KACEY M. VILLAFUERTE
State Bar No. 24114493
So. Dist. ID No. 3690258
kmvillafuerte@rampagelaw.com
**DENTON NAVARRO ROCHA BERNAL & ZECH**
A Professional Corporation
701 E. Harrison Ste 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Facsimile)
**COUNSEL FOR DEFENDANTS CITY OF LA JOYA, TEXAS, FITO SALINAS, MARY SALINAS AND ANNALISA RUIZ IN THEIR OFFICIAL CAPACITIES**

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process contained in the Federal Rules of Civil Procedure on the persons or parties identified below on the on this the 28th day of Septembe,r 2021.

Carlos E. Hernandez, Jr.            **Via Efiling Notification**
LAW OFFICE OF JOSE G. GONZALEZ
4129 N. 22nd St., Ste. 3
McAllen, Texas 78504
Email: hernandezjrlawfirm@yahoo.com
**Attorney for Plaintiff**

By: *Robert L. Drinkard*
ROBERT L. DRINKARD
RICARDO J. NAVARRO
KACEY M. VILLAFUERTE